UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDRA MELANCON, ET AL. | * | CIVIL ACTION NO. 17-12367 |
| VERSUS | * | SECTION: L |
| LAMORAK INSURANCE COMPANY, ET AL. | * | JUDGE: ELDON E. FALLON |
| | * | MAG. JUDGE: JANIS VAN MEERVELD |

**ANSWER, AFFIRMATIVE DEFENSES,
CROSS-CLAIMS AND THIRD-PARTY DEMANDS OF
ALBERT L. BOSSIER, JR. AND J. MELTON GARRETT**

**NOW INTO COURT,** through undersigned counsel, come defendants, Albert L. Bossier, Jr, and J. Melton Garrett, who respond to plaintiffs' Petition for Damages, on information and belief, and while reserving all exceptions previously plead or otherwise available, as follows:

**PLAINTIFFS' PETITION FOR DAMAGES**

I.

These defendants lack sufficient information to admit or deny the allegations of the first, unnumbered paragraph of the Petition.

II.

The allegations of Paragraph 1 and 2 of the Petition do not pertain to these defendants and, as such, no response is required.

III.

The allegations of Paragraphs 3 through 5 of the Petition are denied, except that it is admitted that these defendants are covered by certain of the insurers referenced in those paragraphs for the alleged liabilities asserted in plaintiffs' Petition.

IV.

The allegations of Paragraphs 6 and 7 of the Petition do not pertain to these defendants and, as such, no response is required. If mistaken in the foregoing, said allegations are denied.

V.

The allegations contained in Paragraphs 8 and 9 of the Petition are denied, except that it is admitted, based on information and belief, that Tyrone P. Melancon was at times employed at Avondale. It is denied that Tyrone P. Melancon was exposed to asbestos during his alleged employment at Avondale or from Avondale. With respect to all allegations that Tyrone P. Melancon contracted mesothelioma or any other asbestos-related illness, said allegations are denied.

VI.

The allegations contained in Paragraphs 10 through 18 of the Petition, including sub-paragraphs, are denied insofar as they assert or intend to assert any fault of or against these defendants, Avondale or any of its predecessor or successor entities, any current or former alleged Avondale employee, and/or executive officer or any alleged insurers of said individuals and entities. It is denied that Tyrone P. Melancon was exposed to asbestos during his alleged employment at Avondale or from Avondale. With respect to all allegations that Tyrone P. Melancon contracted mesothelioma or any other asbestos-related illness, said allegations are denied.

VII.

The allegations contained in Paragraphs 19 through 76 of the Petition, including sub-parts, are denied insofar as they assert or intend to assert any fault of or against these defendants, Avondale or any of its predecessor or successor entities, any current or former alleged Avondale employee, and/or executive officer or any alleged insurers of said individuals and entities. It is denied that Tyrone P. Melancon was exposed to asbestos during his alleged employment at Avondale or from Avondale. With respect to all allegations that Tyrone P. Melancon contracted mesothelioma or any other asbestos-related illness, said allegations are denied. Subject to the foregoing, the allegations contained in said paragraphs which relate to the specific knowledge, acts or omissions of various manufacturers, suppliers and/or professional vendors of asbestos containing products or equipment are admitted based on information and belief.

VIII.

The allegations contained in Paragraphs 77 through 82 are denied, insofar as they assert or intend to assert any fault, including, but not limited to any knowledge, intent, misrepresentation, suppression, and fraud, of or against these defendants, Avondale or any of its predecessor or successor entities, any current or former alleged Avondale employee, and/or executive officer or any alleged insurers of said individuals and entities. It is denied that Tyrone P. Melancon was exposed to asbestos during his alleged employment at Avondale or from Avondale. With respect to all allegations that Tyrone P. Melancon contracted mesothelioma or any other asbestos-related illness, said allegations are denied. Subject to the foregoing, the allegations contained in said paragraphs which relate to the specific knowledge, acts or omissions of various manufacturers, suppliers and/or professional vendors of asbestos containing products or equipment are admitted based on information and belief.

IX.

The allegations of Paragraph 83 are legal conclusions and are denied as such.

X.

The allegations of Paragraph 84 are denied insofar as they assert or intend to assert any fault of or against these defendants, Avondale or any of its predecessor or successor entities, any current or former alleged Avondale employee, and/or executive officer or any alleged insurers of said individuals and entities. It is denied that Tyrone P. Melancon was exposed to asbestos during his alleged employment at Avondale or from Avondale. With respect to all allegations that Tyrone P. Melancon contracted mesothelioma or any other asbestos-related illness, said allegations are denied.

XI.

The allegations of Paragraph 85 are denied; it being specifically denied that plaintiffs are entitled to the relief requested, or to any relief whatsoever, against these defendants. These defendants also pray for a trial by jury.

XII.

The allegations of the last, unnumbered paragraph of the Petition, beginning with the words "WHEREFORE, petitioner... " and ending with the words "…equitable relief" are denied; it being specifically denied that the plaintiffs are entitled to the relief sought, or any relief whatsoever, against these defendants, whether individually or collectively.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The injuries alleged in this lawsuit were caused by the acts or omissions of others.

**SECOND DEFENSE**

The injuries alleged in this lawsuit were the result of *force majeure*, unavoidable accident or act of nature.

**THIRD DEFENSE**

Any settlement with, or release of, any individual(s), bankruptcy trusts or any other entity of the asbestos-containing products that gave rise to the injuries alleged in this lawsuit extinguishes any secondary or derivative strict liability that may be alleged in this lawsuit.

**FOURTH DEFENSE**

Any settlement with, or release of, any solidary obligor without a reservation of rights to proceed against remaining solidary obligors extinguishes the liability of remaining solidary obligors pursuant to that version of La. Civil Code art. 2203, in effect at the time of the alleged acts or omissions which form the basis of this lawsuit.

**FIFTH DEFENSE**

Any settlement with, or release of, any persons or entities, whether named as defendants or not, gives rise to a credit for the virile shares of those persons or entities against any amount awarded in this lawsuit.

**SIXTH DEFENSE**

The claims made in this lawsuit are barred under the doctrine of contributory negligence.

**SEVENTH DEFENSE**

Recovery in this lawsuit is restricted by a set-off of all amounts awarded under the Louisiana Workers' Compensation Act and/or the Longshore and Harbor Workers' Compensation Act.

**EIGHTH DEFENSE**

Defendants are statutorily immune under the Longshore and Harbor Workers Compensation Act and/or the Louisiana Worker's Compensation Act from all claims asserted herein.

**NINTH DEFENSE**

Defendants aver that the alleged injuries complained of by plaintiffs herein, if any, were caused by acts, omissions, commissions or conditions which were the responsibility of persons other than defendants and for whom the defendants have no legal control.

**CROSS-CLAIMS AND THIRD-PARTY DEMANDS**

1.

Plaintiffs, Sandra Vicknair Melancon, and Lynn M. Melancon, have filed a Petition for Damages seeking damages for injuries allegedly sustained by Tyrone P. Melancon as a result of his alleged asbestos exposure.

2.

Albert L. Bossier, Jr. and J. Melton Garrett have been named as defendants by the plaintiffs in this case.

3.

Albert L. Bossier, Jr. and J. Melton Garrett deny any and all liability in this case.

4.

Alternatively, while denying any and all liability, Albert L. Bossier, Jr. and J. Melton Garrett are entitled to virile share contributions from defendants in cross-claim and third-party defendants for any and all amounts for which these defendants may be cast in judgment and virile

share credits or set-offs with respect to all defendants in cross-claim and third-party defendants who may settle plaintiffs' claims.

## **CROSS-CLAIMS**

5.

Made defendants in **Cross-Claim** herein are:

A. **3M Company**;

B. **Eagle, Inc.** (formerly Eagle Asbestos & Packing Company, Inc.);

C. **Foster-Wheeler LLC** (formerly Foster-Wheeler Corporation);

D. **General Electric Company**;

E. **Hopeman Brothers, Inc.**;

F. **The McCarty Corporation** (successor to McCarty Branton, Inc., and predecessor and successor to McCarty Insulation Sales, Inc.);

G. **Bayer Cropscience, Inc.** (successor to Rhone Poulenc AG Company, formerly Amchem Products, Inc., formerly Benjamin Foster Company);

H. **Taylor-Seidenbach, Inc.**;

I. **CBS Corporation** (formerly Westinghouse Electric Corporation);

J. **Uniroyal, Inc.**;

K. **International Paper Company** (successor to U.S. Plywood);

L. **Berkshire Hathaway Specialty Insurance Company** (formerly Stonewall Insurance Company) (individually and as insurer of Eagle, Inc.);

M. **The American Insurance Company** (individually and as insurer of Eagle, Inc.);

N. **Northwest Insurance Company** (individually and as insurer of Eagle, Inc.);

O. **United States Fidelity and Guaranty Company** (individually and as insurer of Eagle, Inc.); and,

P. **First State Insurance Company** (individually and as insurer of Eagle, Inc.); and,

Q. **Louisiana Insurance Guaranty Association** (individually and as legal successor to The Home Insurance Company).

6.

Albert L. Bossier, Jr. and J. Melton Garrett adopt herein by reference as though set forth *in extenso* all of plaintiffs' allegations against the cross-defendants as asserted in plaintiffs' Original Petition for Damages insofar as they assert the fault, negligence, strict liability and other bases for liability against cross-defendants. These Defendants affirmatively disavow any allegations asserted against the cross-claim defendants based on intentional tort.

7.

McCarty Corporation, Taylor-Seidenbach, Inc., Hopeman Brothers, Inc., Eagle, Inc., U.S. Plywood, and any other Cross-Claim Defendant that supplied asbestos-containing materials to any job site where Tyrone P. Melancon worked, are strictly liable as commercial suppliers and/or professional vendors for any asbestos-related injuries sustained by Tyrone P. Melancon.

## THIRD-PARTY DEMANDS

8.

Made Third-party defendants herein are:

A. **Claims Resolution Management Corporation** (as successor-in-interest to Johns-Manville Corporation);

B. **Liberty Mutual Insurance Company** (individually and as insurer for Wayne Manufacturing); and,

C. **Houston General Insurance Company** (individually and as insurer for Eagle, Inc.).

9.

Cross-defendants and third-party defendants are all miners, manufacturers, sellers, distributors, suppliers, installers and/or users of asbestos products or were insurers of miners, manufacturers, sellers, distributors, suppliers, installers and/or users of asbestos products and were

engaged in or materially participated in the business of manufacturing or facilitating the manufacturing of asbestos products, or representing themselves as manufacturers of asbestos products and/or were commercial suppliers and/or professional vendors of asbestos or asbestos-containing products, which were expected to and did reach the workplace of Tyrone P. Melancon where he was exposed to them.

10.

The products mined, manufactured, distributed, supplied, sold, and/or used by the cross-defendants and third-party defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se*. Tyrone P. Melancon was an intended and/or foreseeable user and/or bystander exposed to these products. These defects include, without limitation, the following:

a. the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous or unreasonably dangerous *per se*;

b. the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting potential for causing serious injury and death to those who would be exposed to them;

c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal, foreseeable manufacture use or intended use;

d. lack of safety instruction or of sufficient safety instruction for eliminating or reducing the health risks associated with the intended ultimate use of these products;

e. failure to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of exposure to these products by intended or foreseeable users, bystanders and others;

9

    h.    failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

    i.    defects in the composition and construction of these products;

    j.    failure to recall these products mined, manufactured, sold, supplied and distributed;

    k.    failure to properly package these products so that they could be safely transported, handled, stored, or disposed; and,

    l.    over-warranting the safety of these products that were manufactured, sold or supplied by the cross-defendants and third-party defendants.

11.

The fault and defective products of cross-defendants and third-party defendants are the proximate cause of plaintiffs' alleged harm, if any.

12.

Cross-defendants and third-party defendants are liable for negligence, fault, strict liability and strict products liability in connection with the manufacturing, distributing, design and/or installation of asbestos-containing products which were defective in design, unreasonably dangerous *per* se, and for failure to warn Tyrone P. Melancon concerning asbestos hazards posed by their products.

13.

The Claims Resolution Management Corporation, a subsidiary of the Manville Personal Injury Settlement Trust, has succeeded to the liabilities of Johns-Manville Corporation ("Johns-Manville"), and is the entity subject to claims for contribution or for establishing credits or offsets with respect to the liability of Johns-Manville herein.

14.

Johns-Manville manufactured asbestos-containing transite pipe and other asbestos-containing materials and products to which Tyrone P. Melancon was exposed. Johns Manville is liable for negligence, fault, strict products liability and strict liability in connection with the manufacturing, distributing and design of asbestos-containing products which were defective in design, unreasonably dangerous *per* se*,* and for failure to warn Tyrone P. Melancon concerning asbestos hazards posed by their products.

15.

Johns-Manville also manufactured asbestos-containing Marinite board which was used by Wayne Manufacturing in its manufacture of the wall board sold and installed by Hopeman Brothers at Avondale, as well as asbestos-containing pipe insulation, asbestos-containing mud, asbestos-containing insulation block, asbestos-containing cloth and other asbestos insulation materials used at Avondale pursuant to requirements in government contracts and regulations, and used by Avondale in accordance with all federal health and safety precautions. If Tyrone P. Melancon was exposed to some level of dust from products used at Avondale, which is denied, Johns-Manville is liable for negligence, fault, and strict liability and strict products liability in connection with the manufacturing, distributing and design of asbestos-containing products used at Avondale which were defective in design, unreasonably dangerous, unreasonably dangerous *per* se*,* and for failure to warn purchasers, users, by-standers, and others such as Albert L. Bossier, Jr., J. Melton Garrett and Tyrone P. Melancon concerning asbestos hazards posed by its products.

16.

Johns-Manville was aware or should have been aware of the dangers presented by exposure to its asbestos products and manufacturing premises, and that Tyrone P. Melancon could be injured

as a result of this exposure, but negligently failed to institute protective measures and to warn Tyrone P. Melancon of the potential dangers to his health from exposure to asbestos and was negligent in allowing Tyrone P. Melancon to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Tyrone P. Melancon's alleged injuries, including his alleged mesothelioma if any.

17.

As a manufacturer of asbestos products, Johns-Manville knew or should have known that exposing Tyrone Melancon, and those similarly situated, to asbestos would cause injury and, despite that knowledge, Johns-Manville did not provide proper instructions and/or warnings for which Johns-Manville is liable pursuant to Louisiana Civil Code article 2315.

18.

Wayne Manufacturing Company was a manufacturer, seller, distributer, supplier and/or user of asbestos products and was engaged in or materially participated in the business of manufacturing or facilitating manufacturing of asbestos products and/or was a commercial supplier and/or professional vendor of asbestos containing products.

19.

Wayne Manufacturing Company manufactured the asbestos-containing wall board sold and/or installed by Hopeman Brothers at Avondale which product was defective, unreasonably dangerous and unreasonably dangerous per se.  Wayne Manufacturing Company is strictly liable and was negligent a set forth above.

20.

At all materials times herein, Liberty Mutual Insurance Company was the liability insurer of Wayne Manufacturing Company, which is now defunct. Liberty Mutual is therefore responsible for the liability of Wayne Manufacturing Company.

21.

At all materials times herein Houston General Insurance Company was the liability insurer of Eagle, Inc., which is now defunct. Houston General Insurance Company is therefore responsible for the liability of Eagle, Inc.

WHEREFORE, Albert L. Bossier, Jr. and J. Melton Garrett pray that this Answer, Affirmative Defenses, Cross-Claims and Third Party Demands be filed, and that cross-claim and third-party defendants be duly served and cited, and that after due proceedings are had that there be judgment in favor of and Albert L. Bossier, Jr. and J. Melton Garrett and against plaintiffs dismissing plaintiffs' claims, with prejudice and at plaintiffs' costs, and in the alternative, should Albert L. Bossier, Jr. and J. Melton Garrett be found liable to plaintiffs, which is denied, that there be further judgment over and against cross-claim and third-party defendants for virile share contributions from all cross-claim and all third-party defendants for any and all amounts owed to plaintiffs, and for virile share credits or offsets with respect to all entities with whom plaintiffs have or may settle, for all costs of these proceedings, and for all other equitable and legal relief as the nature of the case may permit and as the law may allow.

[SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE]

Respectfully submitted,

*/s/ Natasha Z. Wilson*
Gary A. Lee (#08265)
Richard M. Perles (#01534)
A. Ann Cates (#24769)
M. Scott Minyard (#31879)
Natasha Z. Wilson (#22672)
**LEE, FUTRELL & PERLES L.L.P.**
201 St. Charles Avenue, Suite 4120
New Orleans, Louisiana 70170
Telephone: (504) 569-1725
Facsimile:  (504) 569-1726
***Counsel for Albert L. Bossier, Jr., and
J. Melton Garrett***

### *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing Answer, Affirmative Defenses, Cross-Claims and Third-Party Demands of Albert L. Bossier, Jr. and J. Melton Garrett was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 5th day of December, 2017.

*/s/ Natasha Z. Wilson*

**THE FOLLOWING CROSS-CLAIM DEENDANTS WILL BE SERVED THROUGH THE COURT'S CM/ECF SYSTEM:**

1. Answer, Affirmative Defenses, Cross-Claims and Third-Party Demands of Albert L. Bossier, Jr. and J. Melton Garrett

**3M COMPANY**

**THE AMERICAN INSURANCE COMPANY** (individually and as insurer of Eagle, Inc.);

**BAYER CROPSCIENCE, INC.** (successor to Rhone Poulenc AG Company, formerly Amchem Products, Inc., formerly Benjamin Foster Company)

**BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY** (formerly Stonewall Insurance Company) (individually and as insurer of Eagle, Inc.)

**CBS CORPORATION** (formerly Westinghouse Electric Corporation)

**EAGLE, INC.** (formerly Eagle Asbestos & Packing Company, Inc.)

**FIRST STATE INSURANCE COMPANY** (individually and as insurer of Eagle, Inc.)

**FOSTER WHEELER, LLC** (formerly Foster-Wheeler Corporation)

**GENERAL ELECTRIC COMPANY**

**HOPEMAN BROTHERS, INC.**

**INTERNATIONAL PAPER** (successor to U.S. Plywood)

**LOUISIANA INSURANCE GUARANTY ASSOCIATION** (individually and as legal successor to The Home Insurance Company)

**THE MCCARTY CORPORATION** (successor to McCarty Branton, Inc., and predecessor and successor to McCarty Insulation Sales, Inc.)

**NORTHWEST INSURANCE COMPANY** (individually and as insurer of Eagle, Inc.)

**TAYLOR-SEIDENBACH, INC.**

**THE AMERICAN INSURANCE COMPANY** (individually and as insurer of Eagle, Inc.)

**UNIROYAL HOLDINGS, INC.**

**UNITED STATES FIDELITY AND GUARANTY COMPANY** (individually and as insurer of Eagle, Inc.)

**THE FOLLOWING THIRD-PARTY DEFENDANTS WILL BE SERVED WITH CERTIFIED COPIES OF:**

1. Answer, Affirmative Defenses, Cross-Claims and Third-Party Demands of Albert L. Bossier, Jr. and J. Melton Garrett
2. Plaintiff's Petition of Damages; and,
3. Answers of Defendants.

**CLAIMS RESOLUTION MANAGEMENT CORPORATION** (successor-in-interest to Johns-Manville Corporation)

**LIBERTY MUTUAL INSURANCE COMPANY** (individually and as insurer for Wayne Manufacturing)

**HOUSTON GENERAL INSURANCE COMPANY** (individually and as insurer for Eagle, Inc.)